IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KATHY AITKEN, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | No. 19-520 |
| ) | (Senior Judge Charles F. Lettow) |
| THE UNITED STATES, ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims (RCFC), Defendant, the United States, respectfully requests that the Court amend its current scheduling order, which requires the parties to simultaneously file dispositive motions by January 25, 2021. (ECF No. 19). Defendant respectfully requests that the Court modify its scheduling order to stagger summary judgment briefing such that only plaintiffs' motion is due on January 25, 2021, and the defendant's response, which will include a cross-motion for summary judgment, is due on February 26, 2021. Although the Court has amended the briefing schedule twice before (ECF Nos. 16, 19), defendant has not previously requested to amend the scheduling order for this purpose.

Good cause exists to amend the briefing schedule. As this Court previously suggested in a similar Fair Labor Standard Act case,[1] a staggered briefing schedule will be more efficient because it allows plaintiffs to frame the issues by specifying each category of activities for which plaintiffs claim they were not properly compensated. Defendant may then respond to these

---

[1] *See Whalen v. United States*, Case No. 1:07-cv-00707 (ECF Nos. 44) (Joint Motion to Amend Scheduling Order summarizing the Court's suggestion at a status conference).

specific categories of activities in its cross-motion.  By contrast, under the present simultaneous briefing schedule, defendant's brief would address all potential activities alluded to in the complaint—even those that plaintiff may not pursue in light of facts revealed by discovery. Moreover, plaintiffs' complaint contains open ended allegations regarding activities, which, under a simultaneous briefing schedule, would require defendant to blindly address activities that plaintiffs may not contend are at issue. *See, e.g.*, Complaint (ECF No. 1) ¶ 24 ("These activities include, but are not limited to . . . .").  Finally, under the current simultaneous briefing schedule, plaintiffs would then need to respond to defendant's potentially voluminous and unhelpful briefing with plaintiffs' own briefing, which would likely be duplicative of their opening brief.

However, a staggered briefing schedule would resolve all of these problems, streamline the issues in this case, eliminate the need for unnecessarily spilled ink from both parties, and would further the purpose of the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. We, therefore, respectfully propose to amend the briefing schedule as follows:

| Event | Deadline |
| --- | --- |
| Plaintiffs' Motion for Summary Judgment | **January 25, 2021** |
| Defendant's Response and Cross-Motion for Summary Judgment | **February 26, 2021** |
| Plaintiffs' Reply and Response to Cross-Motion | **March 12, 2021** |
| Defendant's Reply | **March 19, 2021** |

For the foregoing reasons, we respectfully request that our motion to amend the scheduling order be granted. Counsel for Defendant has contacted counsel for plaintiffs regarding the relief sought in this motion, and plaintiffs do not consent to the relief requested.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        ROBERT E. KIRSCHMAN, JR.
        Director

        <u>s/ Reginald T. Blades, Jr.</u>
        REGINALD T. BLADES, JR.
        Assistant Director

        <u>s/ Lauren S. Moore</u>
        LAUREN S. MOORE
        Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        P.O. Box 480
        Ben Franklin Station
        Washington, D.C. 20044
        Tele: (202) 616-0333
        Email: lauren.moore@usdoj.gov

        Attorneys for Defendant

December 23, 2020