**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KATHY AITKEN, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 19-520C<br>(Judge Schwartz) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE***

Defendant, the United States, respectfully opposes plaintiffs' motion *in limine* to exclude all trial testimony from Patrick O'Kane, Amanda McCoy, and Valerie Cross (ECF No. 80). Even though defendant "expects to call" only three witnesses other than plaintiffs, plaintiffs through their motion seek to prevent the Government from calling **two of its three** witnesses, along with one additional witness from its "may call" list. Notably, however, even plaintiffs do not dispute that these witnesses' testimony will have probative value (indeed, they will be testifying about the same central issues in this case as the ***twelve*** witnesses that plaintiff "expects to call" on their list).[1] As explained below, the Court should reject plaintiffs' gamesmanship because plaintiffs' arguments—regarding unfair prejudice and cumulativeness under Federal Rule of Evidence 403—are legally meritless and factually baseless.

## I. Legal Standard

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Notably, "Rule 403 is a rule of inclusion, generally

[1] Although plaintiffs' motion *in limine* refers to "eight representative plaintiffs," two days after filing this motion, the defendant and plaintiffs agreed to drop one representative plaintiff from the case (Justin Iocolano) in an attempt to shorten the trial.

favoring admissibility." *United States v. Udeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008) (cleaned up); *see also, e.g.*, *United States v. McCutchen*, 150 F. App'x 517, 523 (6th Cir. 2005) ("Rule 403 is a rule of inclusion. Accordingly, we must view the evidence in the light most favorable to its proponent, the government, and maximize its probative value."). When the evidence is probative, "the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008); *see also, e.g.*, *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir.1992) (cautioning that "[e]vidence should be excluded until Rule 403 only sparingly" and that the balance under the rule "should be struck in favor of admissibility").

## II. **Plaintiffs Do Not Dispute That The Proposed Testimony Is Probative**

As explained above, Rule 403 provides that "[t]he court may exclude relevant evidence if its *probative value is substantially outweighed by* a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Plaintiffs, however, do not argue that these witnesses' testimony will have no "probative value." In fact, plaintiffs do not even address "probative value" (except in conclusory recitals of the legal standard). *See generally* Mot. (ECF No. 80). As a result, even though Rule 403 functions as a balancing test, plaintiffs have failed to address an entire side of the scale.[2]

Although glaring, plaintiffs' omission is understandable because the probative value of the testimony that plaintiffs seek to exclude is beyond dispute.[3] Captain O'Kane is the current

---

[2] Nor may plaintiffs attempt to raise arguments to this effect in their reply because "[a]rguments not raised in an opening brief are waived." *AccelGov, LLC v. United States*, No. 22-1433, 2023 WL 2062939, at *8 (Fed. Cl. Jan. 31, 2023) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006)); *id.* at *9 (deeming argument initially raised on reply as waived).

[3] This is especially apparent in light of the low bar for relevance provided by the Federal Rules of Evidence. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make

captain of FCI Otisville. In this role, he possesses unparalleled knowledge and perspective regarding the procedures and practices concerning correctional officers at FCI Otisville. He oversees the Correctional Services Department, which is the department under which all correctional officers operate. This means, among other things, that Captain O'Kane is *the* person who is responsible for drafting and executing the post orders at FCI Otisville, which are the central documents governing the job duties of correctional officers at each post. In addition, he previously served as a correctional officer for seven years and as a lieutenant for six. His knowledge and experience make him the *sine qua non* witness regarding plaintiffs' job duties. And his role overseeing the Correctional Services Department makes him the best witness both to testify regarding the extent to which *defendant* knows when correctional officers arrive and leave at the prison and their posts and to testify regarding the procedures governing the ingress/egress process. His experience also more than qualifies him to testify regarding the time reasonably necessary to perform the activities at issue, along with the practices of the ingress/egress process.

Ms. Cross is currently employed as Bureau of Prisons Human Resources Administrator for the Northeast Region (which includes FCI Otisville). As a high-level human resources administrator, she is expected to testify from an administrative perspective about defendant's efforts to comply with the Fair Labor Standards Act, including the applicability of various bureau-wide policies and procedures.

Lieutenant McCoy is plaintiffs' first-line supervisor. As a first-line supervisor, she has first-hand knowledge of plaintiffs' job duties, the extent to which plaintiffs' supervisors know when correctional officers arrive at the prison and/or their posts, the time reasonably necessary to perform the activities at issue, and the ingress and egress process. Before becoming a

---

a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

lieutenant, she had also been a correctional officer for nearly 18 years and is aware of some agency-wide changes made to address potential Portal issues since 2001.

Accordingly, the testimony to be offered by these witnesses is highly probative of key issues in this case.

### III. <u>The Testimony To Be Provided By These Witnesses Is Not Cumulative</u>

Plaintiffs argue that "the testimony of O'Kane, Cross, and McCoy should be excluded as needlessly cumulative and a waste of time." Mot. at 2. In support, plaintiff cites two irrelevant and non-precedential cases from district courts in California involving *pro se* parties' witnesses. And in fact, plaintiffs cite only dicta in *Guajome*; that court held that the defendant's witness's testimony was "not relevant to the remaining factual and legal issues to be contested at trial." *Guajome Park Acad. Inc. v. Duperry*, No. 06CV658-MMA(RBB), 2009 WL 10672194, at *2 (S.D. Cal. Aug. 7, 2009). Relevance is a threshold issue—and, as discussed in the section above, plaintiffs do not (and cannot) argue that the prospective testimonies of O'Kane, Cross, and McCoy do not meet that threshold.

In *Hazeltine*, the court was considering "four witnesses who all witnessed the same excessive force incident at the same time." *Hazeltine v. Hicks*, No. 114CV00056DADGSAPC, 2018 WL 10811470, at *3 (E.D. Cal. May 22, 2018). That circumstance is distinct on its face from the circumstances in this case with each witness having different perspectives as a function of operating in different roles and experiencing different day-to-day events at different times. In any case, even in the cited *Hazeltine* decision, the court did **not** exclude those four witnesses, but simply asked for "further information" regarding the "specific testimony expected by each of the individual prospective witnesses." *Id.*

Surprisingly, plaintiffs' lack of legal support is the least problematic part of their argument. Plaintiffs' argument essentially boils down to the fact that more than three years ago (in December of 2019), plaintiff noticed four Rule 30(b)(6) depositions on broad topics that are

similar to the topics to be addressed at this trial: job duties, timing, knowledge, efforts to comply, *et cetera*. Plaintiffs now argue that because defendant designated witnesses for those 30(b)(6) depositions, plaintiffs can now force defendant to present key portions of *its case at trial* exclusively through the witnesses that it previously designated. Specifically, plaintiffs demand that we confine our presentation of the defense regarding good faith and willfulness to Michelle Jeunger instead of through Ms. Cross and Lt. McCoy, and further demand that we confine our presentation of evidence regarding correctional officer job duties and related topics through plaintiffs and former Captain Whinnery instead of Captain O'Kane and Lt. McCoy.

But even if there were a rule prohibiting a party from calling witnesses at trial other than those it designated as 30(b)(6) witnesses made sense in a vacuum (and it does not), and even if there were authority for that proposition (and there is not), such a rule should still not apply in this case. That is because of a critical fact that plaintiffs omit: neither of the 30(b)(6) witnesses that plaintiffs seek to force defendant to use are currently employed at FCI Otisville, and in fact, **neither of them has worked in any capacity related to FCI Otisville for years**. Ms. Jeunger departed FCI Otisville to a penitentiary in Illinois over two years ago on December 6, 2020, and Former Captain Whinnery left FCI Otisville and retired four years ago on February 28, 2019.

Forcing defendant to rely on Ms. Juenger and Former Captain Whinnery despite their years of having no involvement with FCI Otisville is particularly problematic in light of the likelihood that plaintiffs will attempt to demonstrate at trial that defendant's *current* policies to violate the FLSA. *See* Compl. (ECF No. 1) ¶ 35 (allegation that defendant "*is continuing to violate*" the FLSA); *see also* Pls.' Summary Judgment Mot. (ECF No. 28) at 40 (arguments regarding defendant's "continued failure to compensate Plaintiffs for pre-shift and post-shift work"). In other words, plaintiffs assert that their lawsuit encompasses all of the time from 2016 to present, but Captain Whinnery would be unable to testify about most of 2019 and all of 2020, and neither he nor Ms. Juenger could testify at all about 2021, 2022, or 2023. Indeed,

only Captain O'Kane can provide the Captain's perspective of the policies and practices at the FCI Otisville from 2020 to the present, including the Post Orders he drafted that are currently on defendant's exhibit list. *See* ECF No. 78-1 at 1 (Def. Ex 1-25). And although Ms. Cross is not based in FCI Otisville, she is employed as Bureau of Prisons Human Resources Administrator for the entire Northeast Region, which includes FCI Otisville.

Simply put, plaintiffs seek to exclude the *current* Captain of FCI Otisville, a *current* Lieutenant, and a *current* human resources official for the entire region in favor of forcing defendant to rely on plaintiffs' own testimony and two other witnesses who do not have any knowledge of current facts. By seeking to cabin defendant's presentation of its case to those witnesses who no longer work at FCI Otisville, plaintiffs are trying to force defendant to fight with both hands tied behind its back. In any case, because defendant is not expecting to call Former Captain Whinnery and will not call Ms. Juenger, calling other witnesses to testify does not even come close to "presenting cumulative evidence."

## IV. Plaintiffs Have Not Demonstrated Any "Unfair Prejudice," Much Less Any That "Substantially Outweighs" The Highly Probative Testimony From These Witnesses

Plaintiffs argue that the testimony from Captain O'Kane, Ms. Cross, and Lt. McCoy will be "unfairly prejudicial" because those witnesses' names were not disclosed in our initial disclosures and were instead disclosed in our preliminary witness list on January 5, 2023,[4] and then again in our final witness list filed with the Court on February 6, 2023, and that it would supposedly have been "difficult to schedule" those three witnesses for depositions between those dates and trial. Plaintiffs' argument is legally flawed, self-defeating, and factually

[4] Plaintiffs seem to emphasize that "Defendant's counsel informed Plaintiffs' counsel that the list was '**preliminary**.'" Mot. at 1 (emphasis in original). But defendant merely echoed plaintiff's language regarding both the witness list and the exhibit list, *see* Ex. A, which itself reflected an agreement between the parties that they would be allowed to change their lists in accordance with the Rules. *Accord* RCFC Appendix A.13(a) ("Failure to list an exhibit shall result in exclusion of the exhibit at trial absent agreement of the parties to the contrary . . . .").

baseless.

To begin, "unfair prejudice" within the context of Rule 403 does not mean what plaintiffs apparently think it means. "The notes of the Advisory Committee show that unfair prejudice as used in the rule means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568 (Fed. Cir. 1993). Simply put, the type of disclosure and logistical issues that plaintiffs allege do not constitute "unfair prejudice" within the meaning of Rule 403.

Second, even if this Court were willing to entertain plaintiffs' novel interpretation of "unfair prejudice," the disclosure and logistical issues that plaintiffs allege would not merit exclusion as a matter of law. It is true that Captain O'Kane, Ms. Cross, and Lt. McCoy were not included on defendant's list of initial disclosures.[5] But, if that were sufficient to warrant exclusion, there would effectively be no trial because **plaintiffs' witness list is <u>exclusively</u> comprised of names that were not in their initial disclosures**. In fact, plaintiffs' initial disclosures did not include *any* names, nor any of the information required by Rule 26(a)(1)(A)(i).[6]

In any event, the Rules already contemplate a remedy for a witness's name being newly disclosed on a preliminary witness list before trial, and that remedy is **not exclusion**. Rather "[a]ny witness whose identity has not been previously disclosed shall be subject to discovery." *See* RCFC Appendix A.13(b). Consistently operating pursuant to that rule, counsel for

[5] However, as this Court likely recalls, Captain O'Kane was a key affiant in defendant's cross motion for summary judgment (ECF No. 31), which was filed on February 23, 2021.

[6] Instead, plaintiffs' initial disclosures alluded to broad categories that spanned hundreds of people such as: all plaintiffs, all of their supervisors, and "[a]ll of defendant's current and former employees involved in establishing, implementing, and/or enforcing policies and procedures, including" some types of procedures—which presumably would include large swaths of the Bureau of Prisons, if not broad swaths of the entire Federal Government (the "defendant" in this action).

defendant has repeatedly offered plaintiffs the opportunity to depose Captain O'Kane, Ms. Cross, and Lt. McCoy, only to have those offers rejected in favor of plaintiffs seeking to litigate this legally flawed and factually baseless motion to exclude them.[7] Plaintiffs' decision to litigate this motion despite our offers, instead of simply deposing these witnesses, not only ignores the Rules of this Court regarding what "shall" happen for witnesses who had not "been previously disclosed," but also reflects a strategic choice. To the extent that it would now be difficult to conduct those depositions, that would be a problem of plaintiffs' own making. The Court should not permit plaintiffs to parlay the consequences of their own strategic decision and their erroneous interpretation of the rules to prevent defendant from presenting its case at trial through its selected witnesses.

## V. <u>Plaintiffs' Argument Concerning The Impact Of 30(b)(6) Testimony Is Incorrect</u>

Plaintiffs attempt to bolster their motion *in limine* with an incorrect assertion that trial testimony cannot contradict testimony from a deposition taken under Rule 30(b)(6). Mot. at 4 n.1. At the outset, plaintiffs have proffered no evidence or reason as to why the Government's witnesses' testimony at trial will "contradict" the testimony of a 30(b)(6) designee. In any case, plaintiffs' improper interpretation of Rule 30(b)(6) is not even supported by their cited authorities.

First, plaintiffs rely upon *Snapp v. United Transportation Union*, 889 F.3d 1088, 1104 (9th Cir. 2018), but omit the portions of that decision stating that:

- "the testimony of a Rule 30(b)(6) deponent does not absolutely bind the corporation in the sense of a judicial admission, but rather is evidence that, like

[7] By the same token, Defendant has repeatedly requested that plaintiffs make Willie Shemanski available for deposition, only to have plaintiffs deny that request as well. Accordingly, we have recently noticed Willie Shemanski for a brief one-hour deposition at a time of plaintiffs' choosing and are awaiting plaintiffs' decision regarding whether they will attempt to oppose our reasonable request by further litigation and by continuing to ignore that the Rules specify that "[a]ny witness whose identity has not been previously disclosed shall be subject to discovery." *See* RCFC Appendix A.13(b).

any other deposition testimony, can be contradicted and used for impeachment purposes";

- "Rule 30(b)(6) testimony also is not binding against the organization in the sense that the testimony can be corrected, explained and supplemented, and the entity is not 'irrevocably' bound to what the fairly prepared and candid designated deponent happens to remember during the testimony"; and
- "a Rule 30(b)(6) deponent's own interpretation of the facts or legal conclusions do not bind the entity."

*Id.* (internal quotation marks and citations omitted). Indeed, *Snapp* then surveys other circuit court's decisions on the topic, including the Tenth Circuit's conclusion that "the 'majority of courts to reach the issue . . . treat the testimony of a Rule 30(b)(6) representative as merely an evidentiary admission, and do not give the testimony conclusive effect.'" *Id.* (quoting *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260 (10th Cir. 2016). That is the consistent approach of the courts of appeals in other circuits. *See, e.g.*, *R & B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786 (8th Cir. 2001) ("Although [the company] is certainly bound by [the 30(b)(6) deponent's] testimony, it is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition."); *id.* at 787 (rejecting the argument that the company "is estopped from denying the truth of [the 30(b)(6) deponent's] deposition testimony"). Moreover, this Court's approach is consistent with these decisions. *See Gardens, et al. v. United States*, 138 Fed. Cl. 623, 624 (2018) (denying plaintiffs' "motion *in limine* to preclude the government from offering any evidence at trial contrary to the government's testimony provided pursuant to Rule 30(b)(6)" because "in many cases a party may supplement that testimony at trial, even on the same topic").

Plaintiffs next cite *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998), which was a decision on a motion for summary judgment. The defendant in that case submitted an affidavit from a former employee that contradicted 30(b)(6) deposition

testimony on a crucial factual issue. *Id.* at 93–94. The court declined to consider that affidavit on summary judgment, explaining that, "[u]nless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." *Id.* at 94. By contrast, plaintiffs' motion in this case pertains to the testimony of witnesses at trial—not about a party's use of affidavits to defeat summary judgment.

In any case, in addressing *Rainey*, the United States District Court for the District of Columbia subsequently explained that "the broad principle that testimony of a Rule 30(b)(6) representative binds the designating entity has been expressly repudiated by every court of appeals to consider the issue." *United States ex rel. Landis v. Tailwind Sports Corp.*, 292 F. Supp. 3d 211, 217 (D.D.C. 2017) (citing *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1261 (10th Cir. 2016); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34–35 (2d Cir. 2015); *S. Wine & Spirits of Am., Inc. v. Div. of Alcohol & Tobacco Control*, 731 F.3d 799, 811–12 (8th Cir. 2013); *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001)). The court then approvingly quoted a treatise explaining that although "the testimony of the representative designated to speak for the corporation are admissible against it," they **"are not 'binding' in the sense that the corporate party is forbidden to call the same or another witness to offer different testimony at trial."** *Id.* (emphasis added) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (3d ed. 2017)).

Plaintiffs' flawed interpretation of Rule 30(b)(6) and hypothetical concern about contradictions do not provide a reason for the Court to grant their motion to preclude O'Kane, McCoy, and Cross from testifying at the trial.

## VI. Conclusion

We respectfully request that the Court deny plaintiffs' motion and allow defendant to present its case through the witnesses it has selected for trial.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Bret R. Vallacher
BRET R. VALLACHER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0465
Email: bret.r.vallacher@usdoj.gov

Dated: February 24, 2023

*Attorneys for Defendant*