# In the United States Court of Federal Claims

No. 19-520C
(Filed: March 10, 2023)

| | |
|---|---|
| KATHY AITKEN, *et al.*, | |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

## FINAL PRE-TRIAL ORDER

Pursuant to Rule 16(e) of the Rules of the Court of Federal Claims, this Final Pre-Trial Order recites the actions taken during the pre-trial conference conducted in this case on March 10, 2023, and preceding pretrial conferences.

1. Trial is scheduled for March 13–17, 2023, at the United States District Court for the Middle District of Pennsylvania located in Scranton in Courtroom 1. The parties will endeavor to conclude presentation of the evidence by March 17, although trial may extend to the following week if necessary. Trial will begin at 8:30 a.m. Eastern Time and conclude at 5:30 p.m. each business day, except for the first day, when trial will begin at 9:30 a.m.

2. The parties have agreed to dispense with opening and closing argument.

3. By 6:30 p.m. the day before each day of trial, each party shall notify the other party of the names of the witnesses it expects to testify during the following trial day, together with the order in which the witnesses are expected to testify and the anticipated duration for each examination. The party presenting evidence shall also apprise the other party of the anticipated date on which the party plans to close presentation of evidence.

4. The parties do not seek an order excluding witnesses under Federal Rule of Evidence 615.

5. The parties have indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits. All government documents identified on the parties' exhibit lists are presumed authentic, other than handwritten notes, which will be deemed authentic if supported by appropriate testimony or evidence. The presumption of authenticity may be rebutted by appropriate evidence or testimony.

6. Each party may move at trial to introduce into evidence exhibits from the parties' exhibit lists, whether designated a joint exhibit, plaintiff exhibit, or defendant exhibit.

7. The parties shall provide to the Court at the outset of the trial two copies of a list containing the following three columns: (1) the identifying number for each exhibit, (2) a blank space for the Court to enter the name of the witness through whom the exhibit is sought to be admitted, and the names of the witnesses who otherwise address the exhibit, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

8. During trial, the original "stickered" version of exhibits shall be provided to the witnesses, and thereafter exhibits admitted into evidence shall be maintained by the reporter as part of the official record of the trial. The court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the court and clerk during the examination of the pertinent witnesses and thereafter. The parties represent that electronic copies of the documents on the parties' exhibit lists have been provided to the reporter.

9. To constitute part of the factual record, each exhibit must be formally moved into evidence and admitted into evidence.

10. After a witness is seated and sworn in at trial, neither party shall have any discussions with the witness about the case or the witness's testimony until the witness's presentation is completed and the witness is dismissed by the Court. This prohibition includes conversations between the witness and his or her counsel, except for any conversations regarding whether counsel needs to assert/protect a privilege.

11. Counsel should stand when addressing the Court, and in particular, when raising objections or seeking to be heard during testimony.

12. To the extent witnesses are on both parties' witness lists, the parties intend to have each witness testify only once. After direct examination by the party offering the witness, the other party may perform a cross examination and a direct examination.

13. The parties have filed three motions to exclude exhibits or witnesses (ECF 80, 81, 82) all of which are **DENIED** for the reasons stated on the record at the final pretrial conference. The government filed a motion to strike plaintiffs' amended exhibit list (ECF 90), which is **GRANTED** as to plaintiffs' Exhibits 129 and 130. This Order is not intended to prejudice plaintiffs' right to use those exhibits for other purposes such as impeachment or refreshment of memory.

14. Each party shall provide copies of its demonstrative exhibits to opposing counsel 48 hours in advance of use at trial. A demonstrative exhibit does not include copies of pages from exhibits or proposed exhibits, copies of trial transcripts, or items generated during witness testimony. This provision applies to demonstrative exhibits used in rebuttal, except when good cause is shown.

15. The parties have represented that trial evidence will relate to subjects — such as staffing, staff changes, staff conduct, post procedures, equipment management, inmate supervision, and the physical layout of certain prison areas — that could harm prison security if the trial record were made public. Some aspects of those subjects are not visible to prison inmates or otherwise available to the public. Other aspects of those subjects could be visible to inmates, but efforts by inmates to study them directly would attract prison staff attention. A public trial record would therefore create new opportunity for individuals to obtain information they could not otherwise learn and to evade prison security measures. There is no way to predict with confidence exactly how inmates or others could take advantage of particular pieces of information if made public. Because all witnesses could address subjects affecting prison security, there is also no manageable way to segregate portions of trial that might compromise security from those that will not. I therefore **ORDER** that trial shall be **SEALED**. In lieu of a public trial, the parties shall propose unsealing and redaction of evidence.

A schedule for post-trial briefing and the unsealing and redaction of evidence shall be arranged at the close of trial.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge